## Case No. 4,895.

### FOGARTY v. GERRITY.

[1 Sawy. 233; 4 N. B. R. 450 (Quarto, 148); 5 Am. Law Rev. 163.] [1]

District Court, D. California. July 23, 1870.

J. Naphtaly, for petitioning creditor.

HOFFMAN, District Judge. On the twenty-seventh of May, 1870, a petition was filed on behalf of I. D. Fish & Co., of New York, praying that the above named parties be adjudged involuntary bankrupts. On the return day of the order to show cause the alleged bankrupts appeared and consented to the adjudication, which was accordingly made and the matter referred to the register.

A motion is now made on behalf of one P. D. Casey, an attaching creditor, that the adjudication be set aside and all proceedings in bankruptcy vacated on the ground that the court has no jurisdiction over the case.

In support of this motion various affidavits were read, from which it clearly ap-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 5 Am. Law. Rev. 163, contains only a partial report.]

pears that the alleged bankrupts have never conducted any business within this district, nor had any place of business established therein as distinct from their place of residence. That they reside in the state of New York, where they have a notorious place of business, and that they arrived in this city about April 12, 1870, some six weeks prior to the filing of the petition against them. On this state of facts it is evident that this court would be without jurisdiction to entertain a petition in voluntary bankruptcy presented by the bankrupts. By the 11th section of the bankrupt act [14 Stat. 517], a debtor desirous of availing himself of the provisions of the act, is required to apply by petition "addressed to the judge of the judicial district in which such debtor has resided or carried on business for the six months next preceding the time of filing such petition, or for the longest period during such six months." Under this and a somewhat similar clause, in the act of 1841 [5 Stat. 440], the district courts have frequently declared themselves without jurisdiction to entertain the petition, make an adjudication or grant a discharge where it appeared that the application had not been addressed to the judge of the proper district.

In the Case of Kinsman [Case No. 7,832], the late judge of the southern district of New York, the objection appears to have been made on the part of creditors.

In the Case of Little [Case No. 8,391], the discharge of the bankrupt was opposed by creditors, and refused; the court declaring that "the question, whether the petition was filed in the proper district, was a question of jurisdiction." The discharge was refused "for want of jurisdiction in the court to grant it." In another case, the register to whom the matter was referred, of his own motion, after examination of the petitioner, refused to adjudicate, for the same reason, and his decision was sustained by the court. In re Magie [Id. 8,951].

In the Case of Walker [Case No. 17,061], a creditor filed a petition similar to that preferred in the case at bar, to vacate all proceedings in the cause, for want of jurisdiction, averring that the bankrupt had not resided in the district for the greater part of the six months next preceding the filing of the petition. The court (per Lowell, J.) held, on the facts, that the residence was established, but no doubt seems to have been entertained, that if the facts had been otherwise, the prayer of the petition must have been granted.

The thirty-ninth section, on which proceedings in involuntary bankruptcy are founded, does not, like the eleventh section, designate the district judge to whom the petition of the creditor shall be addressed. It provides, that "any person residing and owing debts aforesaid, who, after the passage of this act, shall—(the various acts of bank-ruptcy are then enumerated, and the sentence continues)—shall be deemed to have committed an act of bankruptcy, and subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt on the petition of one or more of his creditors," etc.

The succeeding section provides, that "upon the filing of the petition authorized by the next preceding section, if it shall appear that sufficient grounds exist therefor, the court shall direct the entry of an order," etc.

The forty-first and forty-second sections provide for further proceedings, and for the final adjudication, that the debtor is a bankrupt. These proceedings are to be taken in the court in which the creditor's petition has been filed; but in which of the district courts the petition is to be filed, the act does not in terms declare. It cannot, I think, be contended that any of the district courts, at the election of the creditor, can entertain the petition; for, in such case, it might be filed and the debtor cited to appear in a remote district, where he has never resided nor carried on business; where he has no property, and where none of his creditors live. The inconveniences, and the opportunities for collusion which would thus be presented, make it evident that such could not have been the intention of congress.

It may, with more plausibility, be urged that the court to which the petition is to be presented, is the court of the district in which the act of bankruptcy has been committed. But the objections to this construction are insuperable. The alleged act of bankruptcy may have been committed in a district where neither the debtor nor any of the creditors reside or carry on business. It may have been done by the debtor while temporarily passing through a district remote from his residence or place of business, or even while traveling through various districts. To compel him to appear to answer before the court of the district in which he happened to be when the alleged act was committed—to oblige all the creditors whose places of residence may be distant, to appear before the same tribunal, to appoint an assignee in that district to take possession of the property, no part of which might be found within it, would be productive of intolerable hardships and vexations.

Moreover, if the jurisdiction to entertain the petition is deemed to be given exclusively to the court of the district where the act of bankruptcy has been committed, cases might often occur where no court would have jurisdiction. For the fraudulent payment, gift sale, conveyance or transfer might have been made out of the limits of any district; as for example by a passenger on a voyage by sea to or from this place and an eastern port.

The fifth clause of section 39 numerates as an act of bankruptcy the making of any assignment, gift, sale, etc., of estate, property, rights, etc., either within the United States or elsewhere, with intent to hinder, delay

or defraud creditors. Under the construction we are considering no court could take jurisdiction of an act of bankruptcy of this description if committed without the limits of the United States.

That this construction of the act was not contemplated by the supreme court, is evident from the language of the sixteenth order in bankruptcy. It provides that where two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicil.

If petitions could be filed only in the court of the district in which an act of bankruptcy had been committed, the general order referred to would afford no means of determining in which court the first hearing should be had. The terms of this general order indicate that where several petitions are filed against a debtor, one of them at least will have been filed in the district of his domicil, and it may fairly be inferred from the tenor of the order that the supreme court understood that proceedings against a debtor to procure an adjudication of involuntary bankruptcy, were like those instituted by himself to obtain an adjudication of voluntary bankruptcy, to be had in the court of the district in which he has resided or carried on business for the preceding six months, or for the longest period thereof. And this construction seems not only reasonable, and less objectionable than any other which can be suggested, but most in accordance with the other provisions of the act.

It has been said that the scope and purpose of the thirty-ninth section are to oblige insolvent debtors to take the benefit of the bankrupt act, and thus to insure an equal distribution of their estates under its carefully framed provisions. Bump, Bankr. 128, and cases cited.

By the thirty-ninth section he can be compelled to do what by the eleventh he is permitted and invited to do. The fact that in one case the adjudication is demanded by a creditor, and in the other is asked for by the bankrupt, ought not reasonably to affect the determination of the question as to what tribunal has jurisdiction over the case. The only case cited where the question we are considering has arisen, is that of In re Palmer [Case No. 10,680], in the southern district of New York. In that case the debtor, against whom a petition had been filed in the southern district, resided and carried on business in the northern district of New York. The learned judge of the southern district dismissed the proceedings for want of jurisdiction.

It is urged, that inasmuch as the bankrupt has assented to this proceeding, the objection cannot be raised by a creditor who has intervened. But consent cannot give jurisdiction —and that the question is one of power and jurisdiction in the court is evident—nor can it make any difference whether the proceeding is voluntary or involuntary bankruptcy. In the one case the petition is filed by the bankrupt, and in the other by a creditor. But in either case it must be addressed to the court authorized by law to take cognizance of the case, and to none other. Nor can it even be said in this case that the parties have submitted to the jurisdiction. One creditor has invoked it, and the bankrupts have not objected. But all other creditors are parties to and bound by the proceeding. If it be sustained, their ordinary remedies against the debtors will be suspended—the whole of his property will pass into the hands of an assignee, and they will be obliged to come into this court to prove their debts, enforce their liens, adjust their accounts, and receive the dividends—and their unsatisfied claims may be forever barred by the discharge of the bankrupt.

They have, therefore, a clear right to be heard, and to resist the proceeding, on the ground, that the court is without jurisdiction. My opinion is, that, under the facts of the case, the court has no jurisdiction, and that the adjudication and other proceedings in this cause should be set aside and vacated.